■ In the Matter of ALFONSO J. PERNA, Petitioner, v. WILLIAM S. HULTS, as Commissioner of the Bureau of Motor Vehicles of the State of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's operator's license after a hearing and upon a finding that petitioner, on August 19, 1958, operated his automobile "in a manner showing a reckless disregard for life and property of others", in violation of the Vehicle and Traffic Law (§ 71, subd. 3, par. [e], now § 510, subd. 3, par. [e]). The proceeding has been transferred for determination to this court pursuant to section 1296 of the Civil Practice Act. Petitioner, at about 2:00 A.M. on August 19, 1958, while returning home from a party held at a tavern and after leaving his companion at her home, struck two parked cars on Leroy Street in the City of Binghamton, New York. At the hearing he admitted that he had been drinking beer that evening. After striking the vehicles and before talking to the owners and the patrolman who arrived after the accident, he was in a house in the neighborhood drinking coffee. The owners testified that when they came to the scene and talked to petitioner he said "he was tired". One witness quoted petitioner as saying "he did feel sleepy and perhaps didn't watch where he was going". Patrolman Skinner testified that petitioner told him, at the scene, that "he had been very tired and he believed he fell asleep". At the hearing petitioner testified that he swerved his car quickly to avoid an animal. The Referee was justified in concluding that this was a mere fabrication. The lack of candor upon the part of this petitioner evident from a reading of his testimony does not assist the court in determining the merits of this rather close case. Upon the record the case turns on petitioner's awareness that he might fall asleep, because of the fact he was "very tired" and "did feel sleepy". One gathers the impression that the true cause of the accident, may still remain buried. In any event, on this record, we would be doing a disservice to petitioner and to the public reversing the action of the Motor Vehicle Commissioner herein, but feel under all the circumstances the determination as far as punishment is concerned should be reduced to a 90-day suspension (Civ. Prac. Act, § 1296, subd. 5-a). Determination modified so as to reduce the license revocation to a 90-day suspension and as so modified, affirmed.

■ In the Matter of HELLER & USDAN, INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Order signed.